UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES FURTICK,                          :

        Plaintiff,                        :
                                          :        PRISONER
        v.                                :   CASE NO. 3:12-cv-835(RNC)

LEO ARNONE, et al.,                       :

        Defendants.                       :

INITIAL REVIEW ORDER

The plaintiff, currently incarcerated and acting pro se, has

filed an amended complaint in accordance with the order of August

15, 2012, familiarity with which is assumed.  The amended

complaint names four defendants: Commissioner of Correction Leo

Arnone, Warden Whidden, Counselor Supervisor B. Griggs and

Director of Population Management Lynn Milling.[1]  The amended

complaint alleges that Warden Whidden signed the transfer order

even though no hearing had yet been held, that Director Milling

approved the transfer order and that Supervisor Griggs conducted

the administrative segregation hearing.  The only allegation

against Commissioner Arnone is that he employs the other

defendants.

The complaint fails to state a claim for relief against

Commissioner Arnone.  The doctrine of respondeat superior is

inapplicable in cases under section 1983.  See Hayut v. State

University of New York, 352 F.3d 733, 753 (2d Cir. 2003).

---

[1]The plaintiff incorrectly identifies defendant Milling as
Lynn Milligins.  The court uses the correct spelling.

Therefore, supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  To establish a claim for supervisory liability, the plaintiff must demonstrate one or more of the following: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned unconstitutional conduct or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring.  See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  The amended complaint alleges no acts or omissions on the part of Commissioner Arnone that could conceivably support a claim for supervisory liability against the Commissioner under any of these criteria.

With regard to the remaining defendants, the amended complaint alleges that defendants Milling and Whidden violated his right to due process by approving his transfer to administrative segregation without a prior hearing, and that defendant Griggs, who presided over the post-transfer hearing, should have ensured that all proper procedures had been followed.

2

To prevail on a due process claim, a prisoner must show that he had a protected liberty interest and was not afforded the requisite process before being deprived of that interest.  <u>See</u> <u>Cruz v. Gomez</u>, 202 F.3d 593, 597 (2d Cir. 2000).  To determine whether a prisoner had a protected liberty interest in avoiding administrative segregation, the Court must look to <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), in which the Supreme Court held that state-created liberty interests of prisoners are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id</u>. at 483-84.  The rule in this Circuit, since <u>Sandin</u>, is that a prisoner has a protected liberty interest "'only if the deprivation ... is atypical and significant and the state has created the liberty interest by statute or regulation.'"  <u>Tellier v. Fields</u>, 280 F.3d 69, 80 (2d Cir. 2000) (quoting <u>Sealey v. Giltner</u>, 116 F.3d 47, 52 (2d Cir. 1997)) (omission in original); <u>see also</u> <u>Palmer v. Richards</u>, 364 F.3d 60, 64 & n.2 (2d Cir. 2004).

Generally, Connecticut prisoners do not have a protected liberty interest in their classifications because the Commissioner of Correction has discretion to classify prisoners.  <u>See</u> <u>Pugliese v. Nelson</u>, 617 F.2d 916, 923 (2d Cir. 1980).  With regard to classification to administrative segregation, however, the Commissioner's discretion is restricted by Department of

Correction Administrative Directive 9.4.   See <u>Alston v. Cahill</u>,

3:07-CV-473(RNC), 2012 WL 3288923, at *5 (D. Conn. Aug. 10,

2012).   Given this restriction, the case will proceed as to the

due process claims against defendants Milling, Whidden and

Griggs.   As the plaintiff seeks only monetary damages, the

complaint will be served on these defendants in their individual

capacities only.

### ORDERS

(1)   The claim against defendant Arnone is **DISMISSED**

pursuant to 28 U.S.C. § 1915A.

(2)   **The Pro Se Prisoner Litigation Office shall** verify the

current work addresses of defendants Milling, Whidden and Griggs

with the Department of Correction Office of Legal Affairs and

mail waiver of service of process request packets to each

defendant at the confirmed addresses within **fourteen (14) days** of

this Order.   The Pro Se Prisoner Litigation Office shall report

to the court on the status of that waiver request on the thirty-

fifth (35) day after mailing.   If any defendant fails to return

the waiver request, the Pro Se Prisoner Litigation Office shall

make arrangements for in-person service by the U.S. Marshals

Service on the defendant in his individual capacity and the

defendant shall be required to pay the costs of such service in

accordance with Federal Rule of Civil Procedure 4(d).

(3)   **The Pro Se Prisoner Litigation Office shall** send

written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)   **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

**SO ORDERED** this 18th day of October 2012, at Hartford, Connecticut.

_/s/_
Robert N. Chatigny
United States District Judge
